**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ISMAEL HERNANDEZ PADILLA,** | § | |
| **#356764,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-1702-N-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be summarily

dismissed.

**I. BACKGROUND**

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon and

aggravated rape, and was sentenced to concurrent 50- and 20-year terms of imprisonment.  *State*

*v. Padilla*, Nos. F83-88766, F82-90756 (203rd Judicial District Court, Dallas County, May 3,

1983).  Petitioner unsuccessfully challenged his convictions and the denial of parole in numerous

state and federal proceedings.  *Padilla v. Stephens*, No. 3:13-CV-02273-L-BN, 2013 WL

4566889 *1 (N.D. Tex. Jul. 2, 2013) (collecting lengthy procedural history in state and federal

courts), *recommendation accepted in part*, 2013 WL 3819452 (N.D. Tex. Jul. 24, 2013)

(transferring in part and dismissing in part, and warning Petitioner that sanctions would be

imposed if he filed yet another successive petition challenging his convictions); *Padilla v.*

*Stephens*, No. 3:13-CV-1855-N-BN (N.D. Tex. Jun. 28, 2013) (same, but dismissing in lieu of transferring successive petition).  Petitioner again sought state habeas relief before filing this action, but the Texas Court of Criminal Appeals (TCCA) rejected his applications.  *See Ex parte Padilla*, Nos. WR-20,423-17 and -16 (Tex. Crim. App. Apr. 17, 2013).[1]

On April 24, 2013, Petitioner filed this federal petition.  (Doc. 3).  He alleges the State of Texas, the State courts, and the Texas Board of Pardons and Paroles applied new parole and supervised-release laws to him and other prisoners beginning in 2000 and July 2011, in violation of his constitutional rights.  (Doc. 3 at 4-6, 8-9; Doc. 4 at 1-11).

## II. ANALYSIS

### Not In-Custody on Aggravate Rape Conviction

Because Petitioner discharged his twenty-year sentence for aggravated rape in 2003, he is no longer "in custody" based on that conviction.  *See* 28 U.S.C. § 2254(a) (A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *Maleng v. Cook,* 490 U.S. 488, 490 (1989).  Therefore, the Court lacks jurisdiction over any claims related to Petitioner's aggravated rape conviction.  *See Padilla v. Thaler*, No. 3:12-CV-2160-M-BF, 2013 WL 2479705 at *1-2 (N.D. Tex. June 10, 2013) (dismissing habeas petition for lack of jurisdiction insofar as it challenged Petitioner's aggravated rape conviction); *Padilla v. Thaler*, No. 3:13-CV-02273-L-BN, 2013 WL 3819452 at *2 (N.D. Tex. Jul. 24, 2013) (same).

---

[1] The dates listed were verified through information available on state court Internet web pages (Dallas County and TCCA) and the electronic state court habeas record obtained through the TCCA.

<u>Remaining Claims are Time Barred</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).  Petitioner was given an opportunity to respond regarding the one-year limitations period.  (Doc. 7-9).[2]

The one-year period is calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Sections 2244(d)(1)(A), (B) and (C) are inapplicable here as Petitioner does not appear to base his claims on the finality of his conviction, a state created impediment, or any new constitutional right.

Petitioner references a change in law that became effective in 2000 and then again in July 2011.  (Doc. 3 at 4-6, 8-9; Doc. 4 at 1-11; Doc. 9 at 1-5).  His allegations, however, are difficult to decipher.  Nevertheless, even assuming the one-year period began in July 2011, the latest possible date mentioned in his pleadings, the federal petition is still untimely because over one year elapsed as of its filing on April 24, 2013.[3]  "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."  *Flanagan,* 154 F.3d 196, 199.  Moreover, statutory

---

[2] In one of his responses, Petitioner appears to misinterpret the order as construing his claims to raise civil rights allegations under 42 U.S.C. § 1983.  (Doc. 8 at 2-4).

[3] The federal petition is deemed filed on April 24, 2013, when Petitioner signed the same and presumably delivered it to prison officials for mailing.  (Doc. 3 at 10).  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system)

tolling is unavailable during the pendency of Petitioner's state application, which was filed on February 5, 2013, and denied on April 17, 2013.[4]  *See Ex parte Padilla*, No. WR-20,423-17 (Tex. Crim. App. Apr. 17, 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after one-year period).  Consequently, the federal petition should be dismissed as untimely absent equitable tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases).  Because, based on the petition, the alleged changes in the law took effect at the latest in July 2011, Petitioner squandered the entire one-year period, clearly failing to act with due diligence.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  In addition, Petitioner does not show that an "extraordinary circumstance" prevented timely filing.  *Holland*, 130 S. Ct. at 2562.  His response does not explain the reason for the lengthy delays in his case.  (Doc. 8 at

---

[4] The state application (No. W83-88766-P(F)), is deemed filed on February 5, 2013, the date on which Petitioner signed it and most probably handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

1-4).  Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

"[E]quity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.  It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** without prejudice for lack of jurisdiction insofar as it challenges Petitioner's aggravated rape conviction, and with prejudice as barred by the one-year statute of limitations with respect to the aggravated robbery conviction.

Petitioner should be **WARNED**, as in this Court's case numbers 3:13-CV-02273-L-BN and 3:13-CV-1855-N-BN, that sanctions will be imposed against him if he files successive habeas applications without first obtaining permission from the Fifth Circuit, or files frivolous federal civil rights or habeas corpus claims challenging his aggravated robbery and aggravated rape convictions.  In addition to monetary sanctions, Petitioner may be barred from filing any

other actions in federal district court without the permission of a United States district judge or

magistrate judge.

SIGNED September 5, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE